# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re Lift Off Chicago, LLC ) | |
| ) | |
| Involuntary Debtor, ) | |
| ) | 19-bk-11408 |
| ) | Involuntary Petition filed pursuant to |
| ) | Chapter 7 |
| ) | Hon. Judge LaShonda A. Hunt |

### MOTION FOR RELIEF FROM MAY 17, 2019 ORDER, OR, IN THE ALTERNATIVE, FOR ADDITIONAL TIME TO COMPLY WITH ORDER

NOW COMES Ivan Lopez ("Lopez"), one of the 50% owners and managing members of Lift Off Chicago, LLC, by his attorneys Jasmina de la Torre and JBR Law Group, LLC, and moves this Court for an order granting Lopez relief from the May 17, 2019 Order or, in the alternative, pursuant to Federal Rule of Bankruptcy Procedure 9006, for an expansion of the time to comply with the May 17, 2019 Order. In further support of this motion, Lopez states as follows:

1. On May 17, 2019 this Court entered an Order for Relief against Lift Off Chicago, LLC. Dkt. No. 10. In the Order for Relief, it was required that "Ivan Lopez and/or David Torres" shall file the schedules further enumerated in the Order.

2. Lift Off Chicago, LLC is an Illinois LLC formed on May 14, 2018, generally for the purpose of organizing, promoting and holding a music festival or festivals.

3. Lift Off Chicago has two members, each owning 50% of the LLC's membership interests.

4. Ivan Lopez ("Lopez") is a 50% member of Lift Off Chicago.

5. David Torres ("Torres") is a 50% member of Lift Off Chicago.

Background to the Involuntary Petition and the Conflict of Interest.

6. Ivan Lopez and David Torres currently have disputes between each other, including, but not limited to, claims against David Torres for his 50% contribution for his portion of the

1

losses of Lift Off Chicago and claims against David Torres for monies he owes to Ivan Lopez.

7. Despite efforts by Lopez to communicate to Torres regarding these disputes and how the LLC should respond to the involuntary petition, Torres refuses to communicate with Lopez.

8. Lift Off Chicago, LLC is not a going concern, has not conducted business since approximately August 2018 and to Lopez's knowledge has no current assets[1], only liabilities.

9. Torres is represented by attorney Ariel Weissberg, *the same attorney* who filed the Involuntary Petition herein. A true and accurate copy of the April 30, 2019 email from attorney Ariel Weissberg to undersigned counsel is attached hereto as Exhibit A.

10. The Involuntary Petition was filed April 19, 2019, less than 10 days after Lopez's attorney communicated Lopez's demand against Torres directly to Attorney Weissberg and provided Attorney Weissberg a copy of the Operating Agreement for Lift Off Chicago. A true and accurate copy of the April 10, 2019 letter to Attorney Weissberg is attached hereto as Exhibit B.

11. The Involuntary Petition was filed less than 3 days after Lopez's attorney communicated a further demand to Attorney Weissberg that Lopez and Torres meet to discuss the disputes between them. A true and accurate copy of the April 16, 2019 letter to Attorney Weissberg is attached hereto as Exhibit C.

---

[1] Unliquidated, unsecured claims for debts of David Torres and his mother, as well as claims for breaches of fiduciary duty against Torres, could theoretically be deemed "assets" of the Debtor; however, those claims have no present value.

12. Upon information and belief, the Involuntary Petition was filed in bad faith by three creditors closely related to Torres, in collaboration with Torres, using the same attorney who is defending Torres in relation to the Lift Off Chicago, LLC member and financial disputes, namely, Ariel Weissberg[2].

13. The interests of Torres, as a 50% member of Lift Off Chicago, LLC, would naturally be adverse to the interests of three Creditors of the LLC and, therefore, barred by Illinois Rule of Professional Responsibility 1.7 (equally a non-waivable conflict under Model Rule of Professional Conduct 1.7, adopted by the U.S. District Court for the Northern District of Illinois).

14. The Illinois ARDC has initiated an inquiry into the simultaneous representation of these petitioning creditors and Torres. IL ARDC Inquiry No. 2019IN01799. Notably, initiation of an inquiry is not an adjudication and the matter remains pending and unresolved.

Request for Relief from May 17, 2019 Order

15. Ivan Lopez does not dispute that he is a 50% owner and one of the managing members of Lift Off Chicago, LLC. As such, he will participate in good faith in the gathering of and providing information to the appointed Trustee or other individual who is responsible for complying with this Court's orders and the Code.

16. It is unfair for Lopez to solely bear the financial and other burden of complying with all of the requirements of the Code on behalf of Lift Off Chicago, LLC where this action was, upon information and belief, initiated by the orchestrations of Torres and his attorney.

17. Lift Off Chicago, LLC has no assets from which to pay attorneys, nor to reimburse Lopez for any expenditures he might be required to make in order to comply with this Court's

---

[2] Attorney Weissberg also represents David Torres in other litigation pending before the U.S. District Court for the Northern District of Illinois, *Cordero v. Torres*, 1:18-cv-6863.

3

May 17, 2019 Order and the subsequent submissions required by this Court and the Code. In fact, Lopez, directly or indirectly, has already advanced significant amounts to the LLC.

18. Torres, who orchestrated this filing with his attorney and three closely-related creditors, should bear the costs, time and efforts required to comply with this Court's Order and the Code.

19. Lopez will, in good faith, provide information which he has available to him; however, in fairness the burden of compliance should fall primarily on Torres.

<u>In the Alternative, Lopez Prays For Additional Time to Comply</u>

20. In the alternative, Lopez prays that this Court grant him additional time to comply with this Court's Order.

21. Federal Rule of Bankruptcy Procedure 9006 provides that the time for complying with an order or rule may be extended for "good cause" shown.

22. As noted above, the LLC has no assets with which to hire counsel or hire another professional to prepare the schedules and other submissions required by this Court and the Code.

23. Lopez is a principal at another company and his fiduciary and other obligations to that company require that he primarily devote his time and resources to that entity.

24. Lopez is not able to gain the participation of Torres in the preparation of these submissions.

25. Lopez's attorney is unable to work with Torres' attorney to jointly comply with the May 17, 2019 Order because Torres' attorney is the *attorney for the petitioning Creditors*.

26. The Illinois ARDC's inquiry may impact these proceedings.

27. Because this LLC is not a going concern, does not have employees or resources, Torres refuses to communicate with Lopez and counsel for Lopez is unable to communicate with

4

Weissberg while he is concurrently representing both Torres and the Creditors, if Lopez has to prepare all schedules and comply with other requirements, he will need some additional time to do so.

28. No creditors will be negatively impacted by the requested enlargement of time as the LLC is not a going concern and the ability of any creditors to obtain relief will not be lessened by the delay.

WHEREFORE, Ivan Lopez prays that this Court grant him relief from the May 17, 2019 Order and find that David Torres be the sole individual responsible for complying with the Order, or in the alternative, that this Court grant Ivan Lopez at least 30 additional days to comply with the Order, and that this Court grant such other and further relief as the Court deems just under the circumstances.

Dated: May 30, 2019

Respectfully Submitted,
JBR LAW GROUP

Jasmina Dj. de la Torre (IL ARDC 6256929)
JBR Law Group, LLC
321 S. Plymouth Court, Suite 1250
Chicago, IL 60604
Tel.: (312) 461-1005, x104
jasmina@lawatjbr.com

By:__/s/ *Jasmina de la Torre*
*One of the attorneys for*
*Ivan Lopez*